UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON PITTS,

       Plaintiff,

                               Case No. 05-71436

vs.

                               HON. GEORGE CARAM STEEH

KONE, INC.,

       Defendant.

_____/

## ORDER DENYING MOTION TO TRANSFER VENUE

This employment discrimination lawsuit is before the court on defendant's motion to transfer venue from the Eastern District of Michigan to the Western District of Michigan. The applicable statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Supreme Court has instructed that district courts are to make determinations on such motions "according to an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The court shall consider not "the parties' private ordering of their affairs," but weigh "the convenience of the witnesses and those public-interest factors of systemic integrity and

fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Id. at 30.

It is not disputed that plaintiff was employed by the defendant, Kone, Inc., in its Detroit branch office for approximately 2 ½ years, and in its Grand Rapids branch office for less than one year. At the time of plaintiff's termination from employment with Kone, he was working out of the Grand Rapids office. In its motion, defendant asserts that the allegations in this lawsuit "relate principally to Plaintiff's employment with KONE while working out of KONE's Grand Rapids, Michigan branch office," points out that plaintiff himself lives in the Western District of Michigan, and that it would be more convenient for the plaintiff and potential witnesses to litigate the action in the Western District.

In response, plaintiff argues that "a majority of the operative facts occurred within this judicial district," asserts that Detroit is the location where plaintiff "initially complained of racial discrimination, and argues that plaintiff's choice of venue should be given weight and must not be upset by defendant's motion.

The court agrees with plaintiff that the generalized assertions made by defendant are not sufficiently persuasive. Furthermore, the discussions at oral argument demonstrated that potential witnesses in the matter are also located in this district. Plaintiff's location in the Western District does not convince the court that transfer is warranted, as plaintiff made the choice to file suit here. Finally, the court considers the burden on Kone, Inc. to be small, as the Western District of Michigan adjoins this one, Kone is an international corporation, and the travel time is relatively minor.

Because there has been no real inconvenience shown to the moving party in keeping the litigation in this district, defendant's motion is hereby DENIED.

IT IS SO ORDERED.

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 16, 2005, by electronic and/or ordinary mail.

                                        S/Josephine Chaffee
                                        Secretary/Deputy Clerk